IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**PHILIP L. STIMAC**,                                             Civil Case No. 10-3929-KI

               Plaintiff,

     vs.                                                          OPINION AND ORDER

**RICHARD WIEKING,** Clerk U. S. District
Court of The Northern District of California,
etc. *et al.*,

            Defendants.


     Philip L. Stimac
     1170 Gentry Way #19
     Reno, Nevada  89502

         Pro Se Plaintiff


Page 1 - OPINION AND ORDER

Melinda Haag
United States Attorney
Joann M. Swanson
Chief, Civil Division
Abraham A. Simmons
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California  94102-3495

      Attorneys for Federal Defendants


KING, Judge:

      Plaintiff Philip Stimac brings this case against Richard Wieking, the Clerk of the United

States District Court for the Northern District of California (the "District Court" and the

"District"); Melinda Haag and Joseph Russoniello, the current and former United States

Attorneys for the District; the (unnamed) judges of the District; and the District Court.  Before

the court are Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for

Failure to State a Claim upon which Relief may be Granted (#22) and Defendants' Motion for an

Order Declaring Plaintiff a Vexatious Litigant and Subjecting Plaintiff to Certain Pre-filing

Restrictions (#28).  The motions are brought by defendants Wieking, Russoniello, and Haag in

their official capacities.  Counsel for those three defendants also presents arguments concerning

the claims against the judges and the District Court, but counsel has not appeared for those

defendants.  Stimac also asks to amend his Complaint.  For the reasons below, I dismiss the

action as to all defendants with prejudice.


Page 2 - OPINION AND ORDER

**DISCUSSION**

I.     <u>Request for Judicial Notice</u>

Defendants ask me to take judicial notice of District Court records, United States District Court for the Southern District of California records, Ninth Circuit records, and California State Bar membership and status records.  Federal Rule of Evidence 201(b) states:  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Stimac objects to me taking judicial notice of these documents because his case asks this court and a federal grand jury to review the State Bar records to ensure they are not "bogus" and meet federal due process standards.  Compl. ¶ 12.  Similarly, Stimac contends that the court records are part of a scheme to blacklist him through fraudulent and bogus rulings, stolen pleadings, and phantom disbarment witnesses.  In brief, Stimac argues the records are inaccurate.

Stimac demonizes the very records on which the judicial system and the legal profession rely.  He brings no proof of his inflammatory allegations.  The records are all appropriate for judicial notice.  <u>See</u> <u>White v. Martel</u>, 601 F.3d 882, 885 (9th Cir.) (court docket sheets and state bar records of disciplinary proceedings are appropriate for judicial notice), <u>cert. denied</u>, 131 S. Ct. 332 (2010).  I grant the request and take judicial notice of all records provided by defendants.

II.     <u>Motion to Dismiss</u>

In this case, Stimac alleges three claims.  In the First Claim for mandamus, Stimac alleges that the Clerk of the District Court refused to issue an Order to Show Cause, as is mandated by <u>In re Kramer</u>, 193 F.3d 1131 (9th Cir. 1999), concerning his disbarment from the federal court.

Page 3 - OPINION AND ORDER

Stimac seeks an order compelling the Clerk to issue the Order to Show Cause and to coordinate a full and fair investigation of Stimac's bogus disbarment at the state level.

In the Second Claim for mandamus, Stimac seeks an order compelling Haag, the current U.S. Attorney for the District, to present evidence to the federal grand jury concerning criminal conduct in connection with the adjudication of Stimac v. Russoniello.

In the Third Claim, Stimac seeks damages from the judges of the District Court, the District Court itself, and Russoniello, the former U.S. Attorney for the District, for violating his First Amendment rights exercised when he formerly practiced civil rights law before the District Court, prior to his disbarment there, and in connection with his filing of Stimac v. Russoniello.

Defendants contend that Stimac's Complaint repeats the same arguments for which he was sanctioned and disbarred.  They ask me to dismiss the claims because the government has not waived immunity, the claims have been decided before, and the claims do not state a basis on which relief can be granted.

A.     Claims Against the Judges

Defendants argue that the judges of the District Court are protected by absolute immunity.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).  A judge is not immune for action taken outside of the judge's judicial capacity or for judicial actions taken in the complete absence of all jurisdiction.  If the judge has jurisdiction to perform the "general act" in question, the judge is immune if the act is erroneous, if the act has consequences that injure the plaintiff, and irrespective of the judge's motivation.  Id.  Judicial

immunity is not lost by allegations that a judge conspired with one party to rule against another party.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).

At the oral argument, Stimac moved to dismiss Claim Three alleged against the judges. That is the only claim against them.  I dismiss the claim with prejudice.

B.    Claims Against the U.S. Attorneys

The two U.S. Attorneys, Haag and Russoniello, are not protected by judicial immunity. The U.S. Attorneys contend they are entitled to prosecutorial immunity from Stimac's claim that they made improper prosecutorial decisions in failing to champion his case before the grand jury. This defense is based on prosecutorial discretion.

Stimac argues that 18 U.S.C. § 3332(a) requires the U.S. Attorneys to bring his evidence to the grand jury so that it can investigate the corruption in the District Court:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district.  Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence.  Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

Very few cases have considered the application of this statute, the cases are not appellate decisions, and those cases are split.  Compare In re Grand Jury Application, 617 F. Supp. 199 (S.D.N.Y. 1985) (plaintiffs are entitled to writ of mandamus to compel U.S. Attorney to present facts concerning alleged criminal wrongdoing to grand jury), with Simpson v. Reno, 902 F. Supp. 254 (D.D.C. 1995) (plaintiffs have no clear and indisputable right to compel U.S. Attorney to allow them to appear and give testimony before grand jury), aff'd, No. 95-5368, 1996 WL

Page 5 - OPINION AND ORDER

556625 (D.C. Cir. Sept. 25, 1996).  Moreover, any right provided in this statute must be weighed

against prosecutorial discretion and the limits on judicial review of prosecutorial decision.

> "[T]he discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect[ ] . . . is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors."  United States v. LaBonte, 520 U.S. 751, 762, 117 S. Ct. 1673, 137 L. Ed. 2d 1001 (1997).  "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." Wayte v. United States, 470 U.S. 598, 607, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985).  See also United States v. Palmer, 3 F.3d 300, 305 (9th Cir. 1993) ("[S]eparation of powers concerns prohibit us from reviewing a prosecutor's charging decisions absent a prima facie showing that it rested on an impermissible basis, such as gender, race or denial of a constitutional right."); United States v. Redondo-Lemos, 955 F.2d 1296, 1299 (9th Cir. 1992) ("Prosecutorial charging and plea bargaining decisions are particularly ill-suited for broad judicial oversight. . . . Such decisions are normally made as a result of careful professional judgment as to the strength of the evidence, the availability of resources, the visibility of the crime and the likely deterrent effect on the particular defendant and others similarly situated."), rev'd on other grounds, 27 F.3d 439, 444 (9th Cir. 1994) ("In Redondo-Lemos I, we stressed the extreme deference the courts must give to prosecutorial charging decisions.  We reiterate this note of caution today.").

United States v. F.S.J., 265 F.3d 764, 768-69 (9th Cir. 2001).  I am unconvinced that the right to

force a prosecutor to bring evidence before the grand jury is as absolute as the court concluded in

In re Grand Jury Application.  Prosecutorial resources are limited.  Stimac does not allege the

prosecutor ignored him because of an impermissible factor such as his race or sex.  I conclude

that prosecutorial discretion precludes the claims Stimac raises against the U.S. Attorneys, and I

dismiss the claims against them with prejudice.

C.    Claims Against the Clerk and the District Court

Stimac's claim against the Clerk seeks an order of mandamus compelling the Clerk to issue the Order to Show Cause, as mandated by In re Kramer, and to coordinate a full and fair investigation of Stimac's bogus disbarment at the state level.

The District Court's records show that Chief Judge Patel issued a Kramer Order to Show Cause on January 26, 2000.  Stimac filed a written response on February 29, 2000.  On March 15, 2000, Chief Judge Patel issued an opinion which explained the history of Stimac's state bar disbarment and discussed how Stimac's response to the Order to Show Cause revolved around his conspiracy theories but gave no cogent explanation for his proliferating lawsuits and demonstrated no insight into the impropriety of his behavior.  Chief Judge Patel concluded:

> Because Mr. Stimac has not demonstrated to the court that he is able to practice with the honesty, care and decorum required for the fair and efficient administration of justice, this court finds that his name should be removed from the role of attorneys authorized to practice before this court.

Defs.' Supplemental Br. in Supp. of Mot. to Dismiss App. C, at 5.

In short, Stimac has already received the relief he requests.  His claim against the Clerk is moot.  Johnson v. Rancho Santiago Cmty. Coll., 623 F.3d 1011, 1018 (9th Cir. 2010) (case is moot if there is no "present controversy as to which effective relief can be granted"), petition for cert. filed, 79 U.S.L.W. 342 (U.S. Jan. 5, 2011) (No. 10-889).

In his supplemental reply brief, Stimac argues that he is actually seeking a Kramer show cause hearing concerning his attempt to be reinstated to the State Bar beginning in 2009.  This is an entirely new allegation.  In the Complaint, Stimac prays for an "order compelling [the Clerk] to issue the In Re: Kramer Order to Show Cause and coordinate a full and fair investigation of

Plaintiff's bogus disbarment at the state level to insure [it] met minimal federal due process requirements." Compl. 7.  I explained at the oral argument that I was not going to allow this case to spiral into numerous new areas.  Consequently, I dismiss his claim against the Clerk with prejudice.

Stimac's claim against the District Court seeks damages for violation of his First Amendment rights.  I am unaware of any authority supporting an award of damages against a court, and I dismiss the claim with prejudice.

III.    Motion for Vexatious Litigant Order

Defendants seek an order declaring Stimac a vexatious litigant and prohibiting him from filing additional complaints in the District Court without first obtaining permission.  Defendants contend that between 1992 and 1995, Stimac filed five cases related to the loss of his job at Gavilian Joint Community College District.  In 1996 and 1999, Stimac filed two more cases in which he sued federal judges, U.S. Attorneys, and major political figures, including the President of the United States, alleging criminal conspiracies involving the grievance procedures following the termination of his employment and the defense of his prior cases.

Stimac did not prevail in any of the cases.  On June 28, 2000, the California Supreme Court adopted the recommendation of the State Bar Court for the State Bar of California that Stimac should be disbarred, based in part on his participation in unjust and malicious litigation.

After being disbarred, Stimac stopped litigating in the District Court until he filed a complaint on May 24, 2010 alleging that he was improperly disbarred.  Stimac v. Russoniello, No. 10-CV-2216-SI (N.D. Cal.).  The complaint was dismissed with prejudice.

Page 8 - OPINION AND ORDER

Stimac filed this action on September 1, 2010.

Defendants characterize Stimac's quest as a demand that he is entitled to the full support of the federal and state government to help him prove he should be able to practice law. Defendants argue this claim is meritless and already has been decided, thus making Stimac's claims vexatious, harassing, and duplicative.

Stimac contends that Chief Judge Alex Kozinski disqualified all judges of the District Court because of their bias against him. Stimac lodged complaints of judicial misconduct against several of the judges and contends that in some of his earlier cases, judges, court personnel, and the U.S. Attorney's Office stole pleadings, tampered with dockets, and fixed cases. Stimac notes, however, that since he was disbarred in 2000, he has only filed two cases, the one pending before me and Stimac v. Russoniello, filed in May 2010. Stimac insists his cases have merit and maintains they are attempts to expose and find remedies to the incredible corruption which has overtaken the District Court.

The Ninth Circuit has emphasized that district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts." O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

To maintain the "delicate balance between broad court access and prevention of court abuse," id. at 617, the Ninth Circuit has instructed that

> (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must

further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.

Id. (reiterating factors from De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990)); see also

Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (reaffirming use of

De Long factors).

The Ninth Circuit has also acknowledged that the Second Circuit's five-factor standard

announced in Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986), "provides a helpful

framework for applying the two substantive factors (factors three and four) of our own

four-factor standard." Molski, 500 F.3d at 1058. The Safir factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1058 (quoting Safir, 792 F.2d at 24). Furthermore, to determine if the

litigant's actions are frivolous or harassing, the court "must look at both the number and content

of the filings as indicia of the frivolousness of the litigant's claims. An injunction cannot issue

merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but

also be patently without merit." Molski, 500 F.3d at 1059 (internal quotation and citation

omitted).

No matter the outcome of this action, I cannot conclude that two actions in ten years

support a pre-filing order, even in light of Stimac's litigation history in the 1990s which resulted

in his disbarment. I warn Stimac, however, that he cannot continue to file litigation pressing his

cause when the trial court keeps dismissing the cases and the appellate court keeps affirming the dismissals.  The litigation concerning his disbarment in the federal court must end with this action.  Any additional cases filed by Stimac on this subject, and any future requests for a pre-filing order, should be viewed with my warning in mind.

IV.    Motion to Amend Complaint

Stimac asks to amend his Complaint to include the factual findings and legal conclusions of the United States Supreme Court Justice with Administrative Oversight of the Ninth Circuit.

Courts frequently consider five factors when assessing the propriety of a motion to amend:  (1) bad faith; (2) undue delay; (3) prejudice to the opponent; (4) futility of the amendment; and (5) whether the pleadings have previously been amended.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Futility of the amendment, alone, can justify denying a motion for leave to amend.  Otherwise, although no single factor is dispositive, prejudice to the opposing party is the most important factor.  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Stimac does not explain the nature of the findings and conclusions he wants to add to the Complaint.  I am unaware of any reason the findings and conclusions would be connected to his disbarment in federal court in 2000.  Many of the entities Stimac sued in this case are immune from suit.  Thus, I am concerned about the futility of the requested amendment.  His change of course on the In re Kramer order causes me further concern that this litigation could turn into a vehicle for harassment.  Stimac's litigation history has caused prejudice to defendants who have been sued multiple times.  Weighing all of the factors, I deny Stimac's request to amend the Complaint.

Page 11 - OPINION AND ORDER

## CONCLUSION

Defendants' Motion for an Order Declaring Plaintiff a Vexatious Litigant and Subjecting Plaintiff to Certain Pre-filing Restrictions (#28) and Plaintiff's Request for Leave to Amend his First Time Claims (#36) are denied.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief may be Granted (#22) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____29th_____ day of March, 2011.


  /s/ Garr M. King_____
Garr M. King
United States District Judge